**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Patrick WILSON, Defendant–Appellant.**

No. 02–1804.

United States Court of Appeals, Sixth Circuit.

Feb. 10, 2004.

Janet L. Parker, Asst. U.S. Attorney, Bay City, MI, for Plaintiff–Appellee.

Kenneth R. Sasse, Federal Defender's Office, Flint, MI, for Defendant–Appellant.

Before KRUPANSKY, MOORE and ROGERS, Circuit Judges.

KRUPANSKY, Circuit Judge.

Defendant–Appellant Patrick Wilson ("Wilson") has challenged the district court's decision to revoke his supervised release from an underlying fraud conviction. Appellant has urged this court to remand the controversy to the district court to afford him an opportunity to argue for mitigation of his sentence. For the reasons discussed below, and predicated on the facts of the instant case, this Court concludes that the district court's failure to afford appellant an opportunity to allocute prior to sentencing was harmless error.

From 1992 through 1998, Wilson defrauded the government of $184,000 in student loans. On November 17, 2000, Wilson pleaded guilty to one count of a ten count indictment charging bank fraud. He was sentenced to 24 months imprisonment, supervised release of 5 years and restitution of the monies. Wilson entered into supervised release on March 28, 2001, upon the condition that he participate in substance abuse testing and treatment, abstain from using or possessing controlled substances, and produce all financial information requested by his probation officer.

Nearly a year later, on February 25, 2002, and again on April 1, 2002, the court approved defendant's probation officer's supervised release violations. Specifically, Wilson was charged with failing three urine tests (Violation # 1), with failing to submit to four required urine tests (Violation # 2), and with failing to provide requested financial information to his probation officer about his business, United States Cellular (Violation # 3). On June 10, 2002, the district court heard testimony and argument from appellant and his counsel, as well as from his probation officer, Dennis Roy, concerning those violations.

The district court concluded that the government had, by the preponderance of the evidence proved violations of special condition numbers one and number three, but refused to find a violation of special condition number two, instead, extending to the defendant "the benefit of the doubt." In revoking Wilson's supervised release, the district court remanded him to a six-month term of imprisonment at the ARE-TA Center[1] followed by a new term of supervised release for a period of thirty months,[2] incorporating the previously imposed conditions. In reaching its decision, the court noted that 18 U.S.C. § 3583(e)(3) authorized the imposition of a three year term of imprisonment upon the revocation of supervised release for Wilson's class B felony. Instead, the court adopted the policy statements of U.S.S.G. §§ 7B1.3(c)(2) and 7B1.4(a), which together recommended a term of imprisonment of at least four months combined with a term of supervised release.[3]

According to the record evidence in the instant case, the court pronounced sentence without affording Wilson or his attorney an opportunity to mitigate the forthcoming sentence through allocution. After counsels' summarizing arguments, the court asked each counsel, in turn, whether there was "anything further," before proceeding to pronounce appellant's sentence. Wilson's counsel did not object during the proceedings, but filed a timely notice of appeal.

This Court reviews solely for plain error in the instance where appellant's counsel did not make a timely objection before the district court. Fed.R.Crim.P. 52(b). *U.S. v. Vincent* 20 F.3d 229, 234 (6th Cir.1994); *United States v. Olano,* 507 U.S. 725, 733–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)

■ The government has urged this Court to regard Wilson's appeal as moot because appellant has already served his custodial sentence of six months. The government has also asserted that Wilson's new supervised release term of 30 months is actually shorter than the 60 month term imposed for his original con-

1. The district court recommended Wilson participate in a "program of mental health counseling and treatment as determined to be appropriate. And treatment for substance abuse" under arrangement with the DOT Caring Center. J.A. 179.

2. Pursuant to 18 U.S.C. § 3583(h), the length of a term of supervised release could not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed by the court upon revocation of supervised release. The district court adhered to these strictures.

The court was originally authorized to impose a five year term of supervised release for Wilson's bank fraud conviction. Upon revocation of Wilson's supervised release the district court imposed a three-year term of supervised release combined with a sixmonth custodial sentence.

3. U.S.S.G. § 7B1.4(a) recommended a term of imprisonment of between eight and fourteen months which, under § 7B1.3(c)(2), could be reduced to no less than four months if it also included a term of supervisory release.

viction, thus enabling his federal supervision to end in June 2005, rather than March 2006. However, because Wilson remains on supervised release, only Wilson's appeal of the expired custodial sentence appears moot as having already been served. *See United States v. Johnson*, 529 U.S. 53, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000) (where term of imprisonment should have ended earlier than it did, term of supervised release nonetheless commences on the date prisoner is released from imprisonment); *Spencer v. Kemna*, 523 U.S. 1, 8–18, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (expiration of petitioner's parole revocation sentence moots habeas petition for lack of case or controversy); *U.S. v. McIntosh*, 52 Fed.Appx. 678 (6th Cir.2002). The remaining, unexpired term, of appellant's supervised release may be reviewed for plain error.

■ The appellant has contended that the district court erred in denying him his right of allocution.[4] The record evidence has indicated that Wilson's sentencing came at the end of a protracted supervised release hearing during which he testified at some length in support of his objections to each of the charged violations. Al-

though the district court provided appellant wide latitude for exculpating himself and mitigating the consequences of the charged violations, the district court nevertheless did not formally provide him with the opportunity to exercise his right of allocution immediately prior to sentencing. Such failure constitutes error. The error, however, was not brought to the district court's attention. Rather, after the sentence was pronounced, appellant's counsel requested only that bond be continued and discussed Wilson's right to appeal.

The government concedes the district court committed plain error in failing to afford Wilson the opportunity to allocute prior to sentencing. In *United States v. Waters*, this Circuit laid down a prospective rule that district courts must provide defendants with an opportunity to allocute before imposing a sentence for a violation of a supervised release. 158 F.3d 933, 944–45 (6th Cir.1998);[5] *accord United States v. Curtis* 237 F.3d 598, 604–05 (6th Cir.2001) (concluding on the basis of *Waters* that appellant entitled to remand where district court failed to permit allocution; government in agreement); *U.S. v. Quintero* 157 F.3d 1038 (6th Cir.1998).

---

4. Wilson does not challenge the court's determination that he was responsible for two supervised release violations. Nor does he challenge the calculation of the sentence he received for those violations.

5. In *Waters*, the district court had sentenced appellant in absentia in a supervised release revocation hearing. On appeal, this Court concluded that the right to allocute found in Federal Rules of Criminal Procedure 32(c)(3)(C) [now 32(i)(4)(A)(ii)], pertaining to the imposition of sentence, did not apply to supervised release revocation hearings. *Id.* at 944 Instead, the court exercised its supervisory power to create a prospective rule of procedure requiring the district courts to provide defendants with an opportunity to allocute prior to sentencing for a violation of supervised release pursuant to *Green v. United States*, 365 U.S. 301, 306, 81 S.Ct. 653, 5

L.Ed.2d 670 (1961) (Stewart, J., concurring) (arguing that Federal Rule of Criminal Procedure 32(a) did not require allocution, but concurring because he would require allocution prospectively via "the exercise of our supervisory capacity"). *Id.* at 944–45. Additionally, the *Waters* decision further distinguished *United States v. Coffey*, 871 F.2d 39 (6th Cir. 1989) (refusing to extend the right of allocution to probation violations), by reasoning that supervisory release hearings provided the forum for a new sentence while probation violations amounted to an activation of the previous sentence in which defendant had already exercise allocution pursuant to Rule 32 (Fed.R.Crim.P.32(c)(3)(C) provides that the court must "address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence."). *Id.*

In assessing whether the district court's action amounted to plain error requiring remand this circuit reviews the record on the basis of four distinct inquiries. *U.S. v. Vincent* 20 F.3d 229, 234 (6th Cir.1994). The court first considers if an error occurred in the district court. *United States v. Olano,* 507 U.S. at 732 ("[i]f a legal rule was violated during the district court proceedings, and if the defendant did not waive the rule, then there has been an 'error' within the meaning of Rule 52(b) despite the absence of a timely objection"). Second, if an error occurred, the court then considers if the error was plain. *Id.* Third, the court inquires if the plain error affects substantial rights. *Id.* at 734. Finally, the court must consider if the plain error affecting substantial rights seriously affected the fairness, integrity, or public reputation of the judicial proceedings, a discretionary determination under Rule 52(b). *Id.* at 736; *U.S. v. Rogers* 118 F.3d 466, 473 (6th Cir.1997) (recognizing plain error as within the reviewing court's discretion even if the first three prongs of the test are met).

Because the government concedes the first two prongs of the *Olano* inquiry, the issue in the instant case begins with appellant's charge that the district court's failure to allow him to allocute affected his substantial rights. *Olano* directs that an error affects the substantial rights of a criminal defendant when it prejudicially "affect[s] the outcome of the district court proceedings." *Olano,* 507 U.S. at 734 (1993); *United States v. Modena* 302 F.3d 626, 632 (6th Cir.2002). Determining if prejudicial error occurred requires an examination of the error in the context of the record as a whole. *United States v. Young,* 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). Additionally, the defendant carries the burden of making a "specific showing of prejudice." *Olano,* 507 U.S. at 735.

Wilson has specifically suggested that even though he received a custodial sentence of six months, marginally below the 8–14 month range directed by U.S.S.G. §§ 7B1.3(c)(2) and 7B1.4(a), the district court could have imposed an even lighter sentence had he been offered the opportunity to convince the court that such a lower sentence was appropriate. The appellant has relied upon this court's determination in *United States v. Riascos–Suarez,* 73 F.3d 616, 627 (6th Cir.1996), for the proposition that when sentencing adjustments could have resulted in a lowered sentence, the failure to solicit allocution results in a remand for re-sentencing. Neither appellant's argument nor supporting reference are persuasive.

In *United States v. Riascos–Suarez,* 73 F.3d 616 (6th Cir.1996), failure to grant the defendant the right to allocute resulted in vacation of the sentence and remand for re-sentencing. *See also United States v. Thomas,* 875 F.2d 559, 561–63 (6th Cir. 1989) (finding that the minimal requirements of Rule 32(c)(3)(C) were satisfied where the district court informed the defendants that either they or their counsel could respond, but adding—in dicta—that "[b]efore the conclusion of the sentencing hearing, the district court judge must personally and unambiguously invite the defendant to speak in his own behalf"). The *Riascos–Suarez* court found reversible error when the trial court failed to address the defendant personally prior to imposing a sentence as required by Federal Rules of Criminal Procedure Rule 32(c)(3)(C). In *Waters,* however, this circuit explicitly found Rule 32(c)(3)(C) inapplicable to a case, such as the one at bar, involving a supervisory release hearing. *Waters* 158 F.3d at 944. Consequently, under the circumstances of the instant case, this court is not bound to follow Rule 32's mandate as dictated by *Riascos–Suarez.*

■ Moreover, the *Riascos–Suarez* court found that defendant's rights were substantially affected when he was sentenced to more than the statutory minimum without being provided the opportunity to allocute. In its determination, the court relied upon *United States v. Lewis,* 10 F.3d 1086, 1092 (4th Cir.1993) (finding no prejudicial error when defendant was denied allocution but sentenced to the Guidelines minimum), and *United States v. Mejia,* 953 F.2d 461, 468 (9th Cir.1991), *cert. denied,* 504 U.S. 926, 112 S.Ct. 1983, 118 L.Ed.2d 581 (1992) (finding that it is not error to deny allocution when sentence imposed is lowest possible). In the instant case, Wilson received a custodial sentence below the recommended minimum coupled with a supervisory release term scheduled to end nine months earlier than his initially imposed sentence. Consequently, even if this court were compelled to follow *Riascos–Suarez* in the instant case, the absence of an opportunity for allocation did not affect Wilson's substantial rights and, under the specific circumstances of this case, does not constitute reversible error.

Central in this consideration is the record evidence of Wilson's revocation hearing. Unlike Waters, who was sentenced *in absentia,* Wilson engaged court and counsel in an extended disquisition regarding the three violations leveled by his probation officer. Appellant provided testimony attributing his three positive cocaine screens outlined in the violation of special condition number one to the prescription drugs he was taking to combat an illness. Wilson also discussed the panic attacks and, on one occasion, a kidnaping[6] that led to his failure to appear for the substance abuse testing and treatment detailed in the

violation of special condition number two. Finally, Wilson provided testimony explaining his difficulties in failing to provide the necessary financial documentation for his cell-phone business, a failure set out in the violation of special condition number three.

Moreover, Wilson's claim does not survive plain error review where the defendant's substantial rights were not affected by a sentence which was less than the statutory maximum under 18 U.S.C. § 3583(e)(3) for the revocation of a term of supervised release for the underlying class B felony, and less than the recommended *minimum* for an appellant in Wilson's circumstances under U.S.S.G. § 7B1.4. Additionally, even Wilson's thirty-month period of supervisory release is reviewable where 18 U.S.C. § 3583(e)(1) grants to the district court the power to terminate a period of supervised release as soon as one year after it has begun if the court is satisfied that such an early termination is warranted by the conduct of the released defendant and by the interest of justice.

Wilson has not demonstrated to this Court that he was prejudiced in not allocating before the district court. Indeed, the record indicates that the court took into account Wilson's mitigating testimony. In considering appellant's positive drug test results the district court carefully considered his testimony in "diminish[ing] the force of that evidence," while nevertheless finding a violation by a preponderance of the evidence of special condition number one. Even though the court regarded Wilson's kidnaping testimony inadequate to explain his failure to appear for required drug testing dates, Judge Lawson never-

---

**6.** In the court's thoughtful recitation of the appellant's explanations for failing to·appear for the required drug screening, Judge Lawson characterized Wilson's purported kidnaping, which was not documented, as "somewhat fantastic and not particularly convincing." J.A. 175. The court, nevertheless, gave "the defendant the benefit of the doubt" in stopping short of finding a violation of special condition number two.

theless took into account Wilson's testimony regarding panic attacks when the court determined no violation occurred of special condition number two "under the circumstances." In finding a violation of special condition number three, failure the relinquish financial records, the district court observed:

> The court's concern is based upon and can be traced to the nature of the criminal conviction in this case, and that is that Mr. Wilson has been convicted of being involved in fraudulent activity. And the court would naturally be concerned that any business enterprise he is involved in as the sole owner and operator be a legitimate one, which is why it is reasonable to request some documentation to track his activities.

> Mr. Roy is a probation officer who, among other things, wants to make sure that his defendant succeeds on supervised release, not to simply find a technical violation to bring to me so we can have more hearings. If he is to succeed on supervised release, Mr. Roy has to satisfy himself that he is involved in legitimate activities. That is the core activity of a probation officer who is charged with responsibility of supervised release.

J.A. 176–77.

As the record discloses, during the revocation hearing the district court took Wilson's testimony into consideration in mitigating his sentence to below the eight month minimum applicable to appellant's conviction and criminal history pursuant to U.S.S.G. § 7B1.4.

Consequently, this Court finds the district court's error harmless, under the circumstances of the instant case, and affirms the court's sentencing determination.

MOORE, Circuit Judge, dissenting.

The government has conceded that it was error not to afford Wilson the opportunity to allocute and that this error was plain. I believe that the remaining requirements under the plain error doctrine were satisfied, *see United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), and that the error was not harmless. Therefore I respectfully dissent.