**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0093n.06**
**Filed: February 7, 2006**

**No. 04-6024**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| RONNIE LEWIS, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: RYAN, MOORE, and ROGERS, Circuit Judges.**

**ROGERS, Circuit Judge.** Defendant Ronnie Lewis, who pled guilty in federal district court to his 2002 involvement in identity theft, appeals his most recent sentence, which consists of thirty months' imprisonment and two years' supervised release. On direct appeal in February 2004, this court vacated his original sentence of thirty-three months' imprisonment and two years' supervised release. We remanded his case for the district court to make particularized findings in its sentencing determination as to the nature of the criminal conspiracy alleged, the number of victims, and the extent of losses caused by his crime. *See United States v. Lewis*, No. 03-5015, 2004 WL 376828, at *1 (6th Cir. Feb. 27, 2004). On remand, the district court again enhanced Lewis's sentence without making any particularized findings. During the pendency of this appeal, Lewis completed his custodial sentence. Although any challenges to Lewis's custodial sentence are now moot, we vacate Lewis's latest sentence of supervised release and remand his case for resentencing.

**I.**

Lewis pled guilty to aiding and abetting access device fraud in violation of 18 U.S.C. §§ 1029 and 2. The government prepared a presentence investigation report (PSR). As this court stated in its earlier opinion, the PSR revealed the following:

> Between April 18 and June 24, 2001, Lewis obtained the names and social security numbers of over 100 people, some of whose identities he used to open fraudulent credit accounts under the names of Morton Dixon, Keith Gramen, Mark Cline, and Michael Lyon. According to the PSR, Lewis used these accounts to obtain merchandise valued at $12,467.07 from four different retailers: Wal-Mart, J.C. Penney, Target, and Proffit's.
>
> In addition to these losses, Lewis's codefendant, Ralph Johnson, fraudulently used the identities of James McCormick, Mike Moore, and Jeffrey Silverman to obtain merchandise valued at $8,678.02.

*Lewis*, 2004 WL 376828, at *1. Lewis made several objections to the PSR, including the scope of his conspiracy with Johnson, the amount of damages, and the number of victims.

The district court adopted the PSR as its findings of fact. This court described the district court's findings as follows:

> The district court concluded that, under the relevant conduct provisions of the U.S. Sentencing Guidelines, Johnson's actions were attributable to Lewis because they were jointly undertaken or were reasonably foreseeable in furtherance of jointly undertaken criminal activity. Accordingly, the district court was satisfied that the government had met its burden of showing that the aggregate loss attributable to Lewis was greater than $10,000. Additionally, the court was satisfied that there were more than ten victims because Lewis, or his coconspirator, Johnson, had fraudulently used the identities of seven individuals to obtain merchandise from four merchants, resulting in a total of eleven "victims."

*Lewis*, 2004 WL 376828, at *1.

The PSR placed Lewis at base offense level 6 under criminal-history category VI, and thus the proper sentence was between 12 and 18 months' imprisonment. Because the loss attributable to Lewis was $10,000 to $30,000, the district court imposed a four-level sentence enhancement under § 2B1.1(b)(1)(C) of the Guidelines. An additional two-level enhancement was imposed under § 2B1.1(b)(2)(A)(i) because Lewis's victims numbered ten to fifty. With the six offense-level enhancements, Lewis's offense level increased to 12, which called for 30 to 37 months' imprisonment. The district court sentenced Lewis to 33 months' imprisonment and two years' supervised release.

On February 27, 2004, this court vacated Lewis's sentence and remanded for the district court to make particularized findings on several issues. First, this court held that, because the district court had failed to make particularized findings of fact as to both the scope of Lewis's agreement with the other participants in the criminal activity and the foreseeability of his co-conspirators' conduct, the district court was not permitted to attribute the co-conspirators' activities to Lewis. Second, this court held that it was unable to conclude whether sufficient evidence supported the district court's determination that Lewis's jointly undertaken criminal activity caused losses of $10,000 to $30,000, in the face of Lewis's timely written objection to the PSR, because the district court never made specific findings of fact to resolve the dispute. Finally, this court held that there was insufficient evidence to support the district court's conclusion that there were ten to fifty victims of Lewis's criminal enterprise because the government presented a statement from only one

victim and simply alleged that the others had suffered an "actual loss."

Although, on remand, the district court heard motions regarding the scope of this court's remand and held an evidentiary hearing, the district court again did not make particularized findings regarding the conspiracy, the amount of damages, and the number of the victims. Nonetheless, as a result of the district court's findings, the district court enhanced Lewis's offense level by six levels: four for causing losses of $10,000 to $30,000 (§ 2B1.1(b)(1)(C)), and two for having ten to fifty victims (§ 2B1.1(b)(2)(A)(i)). The Guidelines sentencing range was again between thirty to thirty-seven months' imprisonment, and the district court sentenced Lewis to thirty months' imprisonment and two years' supervised release. The court also imposed restitution of $12,067.07.

Lewis appeals. After this court requested supplemental briefing regarding the impact of *United States v. Booker*, 543 U.S. 220 (2005), the parties filed supplemental briefs in late February and early March 2005. On September 30, 2005, Lewis completed his custodial sentence. Following this court's December 6, 2005 request, the parties filed supplemental briefs concerning whether this case had become moot. Although we hold that any challenges to Lewis's custodial sentence are moot, for the following reasons we vacate Lewis's sentence and remand for resentencing.

**II.**

Both parties agree that any challenge to Lewis's custodial sentence is moot. Lewis was released from custody on September 30, 2005. This court can grant no meaningful relief regarding Lewis's custodial service because the sentence has already been served. *See United States v. Wilson*,

No. 02-1804, 2004 WL 259217, at *2 (6th Cir. Feb. 10, 2004).

## III.

Challenges, however, to Lewis's unexpired term of supervised release are not moot. *See Wilson*, 2004 WL 259217, at *2. We are not certain whether the district court's not complying with our prior order affected the term of supervised release that the district court imposed. We therefore vacate Lewis's sentence of supervised release and remand for resentencing. In imposing a new reasonable sentence of supervised release, the district court should consider our prior remand, *United States v. Booker*, and the factors in 18 U.S.C. § 3583(c) that are relevant to supervised release.