NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0083n.06
Filed: February 1, 2007

No. 05-5438

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| KENDRA COOPER WILLIAMS, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY and COOK, Circuit Judges; and WEBER, District Judge.[*]

PER CURIAM. Kendra Williams appeals her convictions and sentence for two counts of money laundering, in violation of 18 U.S.C. § 1956, and three counts of theft of public money, in violation of 18 U.S.C. § 641. Williams was sentenced to fifteen months in prison followed by two years of supervised release after a jury convicted her for participating in a scheme to defraud the Treasury whereby Kelvin Brown, a Social Security Administration (SSA) claims representative, deposited large unauthorized Social Security payments into her bank accounts and paid her to return that money to him. For the following reasons, we affirm her convictions and sentence.[1]

---

[*]The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

[1]Although Williams was released from custody after filing her appeal, the collateral consequences carried by a criminal conviction require that this court not consider her conviction moot. *See Blanton v. United States*, 94 F.3d 227, 233 (6th Cir. 1996). Williams's appeal of her sentence is moot as to her custodial sentence, but not moot as to her term of supervised release. *See*

Williams first challenges the district court's refusal to suppress her confession as involuntarily obtained. We review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Montgomery*, 377 F.3d 582, 585 (6th Cir. 2004). After three meetings with an SSA investigator at which Williams was encouraged to cooperate, she admitted to participating in Brown's scheme but claimed she returned the money to him only because she thought Brown mistakenly deposited it into her account. She then signed a statement to that effect. We will find a confession involuntary if objectively coercive police activity overbore the defendant's will and that coercion was the crucial factor motivating the defendant to confess. *United States v. Ostrander*, 411 F.3d 684, 696 (6th Cir. 2005). Although Williams points to several statements to show that she thought she would not be prosecuted, she points to no action by investigators that was objectively coercive. The district court need not have suppressed her confession.

Williams next argues that the district court erred by granting the government's motion to exclude, under Fed. R. Evid. 403, psychological evidence of her diminished capacity. We review evidentiary rulings under Rule 403 for abuse of discretion, and that discretion is "very broad." *United States v. Caver*, 470 F.3d 220, 240 (6th Cir. 2006). The proffered evidence, testimony by Williams's expert, was only relevant to show that Williams lacked the specific intent required to prove the mens rea elements of the offenses with which she was charged. *See United States v. Kimes*, 246 F.3d 800, 806 (6th Cir. 2001). At the end of the suppression hearing, the district court

---

*United States v. Sandles*, 469 F.3d 508, 518 (6th Cir. 2006); *United States v. Lewis*, 166 F. App'x 193, 194-95 (6th Cir. 2006). We will thus consider both of her challenges.

asked her expert if he thought Williams could form the intent necessary to commit a crime, to which he answered, "Yes, Your Honor." Because her expert's proposed trial testimony could not negate specific intent (lending it little to no probative value), and because it would likely mislead the jury, the district court acted within its "very broad" Rule 403 discretion by excluding it.

Williams last challenges the district court's denial of her motion for a downward departure for diminished capacity pursuant to U.S.S.G. § 5K2.13, a curious request considering she was sentenced after *Booker v. United States*, 543 U.S. 220 (2005), made the Guidelines advisory. We review a district court's denial of a request for a downward departure only if the district court believed it lacked the authority to depart. *United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005). As the record shows that the district court was clearly aware of its authority to depart, we decline to review its decision not to do so.

We thus affirm Williams's convictions and sentence.