NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0648n.06
Filed: September 4, 2007

Case No. 06-3933

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| SHELDON A. GOLDBERG, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

BEFORE: BATCHELDER and COLE, Circuit Judges; PHILLIPS[*], District Judge.

THOMAS W. PHILLIPS, District Judge. Defendant Sheldon Goldberg appeals his sentence following conviction for conspiracy to commit mail fraud, aiding and abetting mail fraud, and selling and aiding and abetting the sale of stolen vehicles, two of which offenses are Class C felonies. Because defendant's period of incarceration has expired, we conclude that the appeal is now moot.

After entering a plea of guilty to conspiracy to commit mail fraud and transporting and selling falsely reported stolen vehicles, defendant was sentenced to five months of incarceration and five months of home confinement followed by two years of supervised release. Review of the record

---

[*]The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

shows that defendant does not challenge his conviction. Rather, the only aspect of his sentence that defendant challenges is the imposition of a five month term of imprisonment. The five month sentence expired on or about January 1, 2007. Consequently, the matter is now moot. *See Lane v. Williams,* 455 U.S. 624, 631 (1982). "If a prisoner does not challenge the validity of the conviction but rather only challenges his sentence or some aspect of it, the request for relief is moot once the challenged portion of the sentence has expired." *United States v. Manogg,* 1993 U.S. App. LEXIS 6980, *2 (6TH Cir. Mar. 26, 1993) (citing *Lane*, 455 U.S. at 631).

Moreover, even if the time the defendant served in prison was found to be excessive, that time cannot be credited to the defendant's time of supervised release. *See United States v. Johnson,* 529 U.S. 53, 60 (2000). Therefore, defendant's period of supervised release would still be two years and there is no relief which can be granted to him. *See* U.S.S.G. § 5D1.2(a)(2) ("[I]f a term of supervised release is ordered, the length of the term shall be: . . . (2) At least two years but not more than three years for a defendant convicted of a Class C or D felony."). Because defendant has shown no injury which can be redressed, his appeal is dismissed as moot.

2