**RESEARCH CORPORATION, a New York corporation, Plaintiff— Appellee,**

v.

**WESTPORT INSURANCE CORPORATION, a Missouri corporation, Defendant—Appellant.**

**No. 05–16031.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2008.

Filed Aug. 20, 2008.

Steven H. Lesher, Lesher & Corradini, PLLC, Tucson, AZ, Rebecca K. O'Brien, Michael John Rusing, Rusing & Lopez, Tucson, AZ, for Plaintiff–Appellee.

Peter Abrahams, Stephen E. Norris, Horvitz & Levy, LLP, Encino, CA, Perry M. Shorris, Bollinger, Ruberry & Garvey, Chicago, IL, for Defendant–Appellant.

Before: NOONAN, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM *

Westport Insurance Corporation ("Westport") appeals the judgment of the district court, entered after a bench trial, in favor of Research Corporation ("Research") in Research's action seeking a declaration that Westport owed a duty to defend Research in an underlying civil action filed by Johnson Matthey, Inc. ("Johnson"). We affirm in part and reverse in part. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

I

The district court properly determined that Westport owed a duty to defend Research against the claims asserted by Johnson. Under Arizona law, as in most states, the insurer's duty to defend is distinct and broader than its duty to indemnify. *Lennar Corp. v. Auto–Owners Ins. Co.,* 214 Ariz. 255, 151 P.3d 538, 543–44 (Ariz.App.2007). The duty to defend in Arizona covers "any claim potentially covered by the policy." *United Servs. Auto. Ass'n v. Morris,* 154 Ariz. 113, 741 P.2d 246, 250 (1987). "The duty to defend arises at the earliest stages of litigation and generally exists regardless of whether the insured is ultimately found liable." *INA Ins. Co. of N. Am. v. Valley Forge Ins. Co.,* 150 Ariz. 248, 722 P.2d 975, 982 (Ariz.App.1986). If any claim alleged in

the complaint is potentially within the policy's coverage, the insurer has a duty to defend the entire suit because it is impossible to determine the basis upon which the plaintiff will recover until the action is concluded. *Lennar,* 151 P.3d at 544. Arizona courts "construe provisions in insurance contracts according to their plain and ordinary meaning." *Keggi v. Northbrook Prop. & Cas. Ins. Co.,* 199 Ariz. 43, 13 P.3d 785, 788 (Ariz.Ct.App.2000). Ambiguities in an insurance policy are construed against the insurer. *Id.* The insured bears the burden of establishing coverage under an insuring clause, and the insurer bears the burden of establishing the applicability of an exclusion. *Id.*

Westport issued Research a Nonprofit Organization Liability Insurance Policy with a policy limit of $2 million. The policy provided that Westport would pay any "loss" to the "insured" resulting from civil "claims" because of a "wrongful act." "Wrongful act" meant "any actual or alleged error or omission, negligent act, misleading statement, or breach of duty committed by an 'insured' in the performance of duties on behalf of the entity."

The policy excluded from the definition of "loss" "[d]amages 'arising out of' breach of any contract, . . . except employment with individuals." The policy excluded coverage for "any 'claim', or 'loss' alleging or 'arising out of' . . . [a]n 'insured's' unjust enrichment, obtaining profit, or advantage to which the 'insureds' were not entitled." The phrase "arising out of" meant "based upon, arising out of, or in connection with."

The underlying Johnson suit asserted seven claims against Research and RCT:

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(1) breach of contract, (2) conversion of royalties due under the contract, (3) conversion of technical information, (4) fraudulent concealment, (5) breach of the implied covenant of good faith and fair dealing by improper negotiation of patent rights, (6) breach of fiduciary duties, and (7) unjust enrichment. The complaint sought compensatory and punitive damages.

On its face, the allegations of conversion, fraudulent concealment, and breach of fiduciary duties raised claims of "wrongful acts" that were "potentially within the policy's coverage," thereby triggering Westport's duty to defend the entire Johnson lawsuit.

In defending against Research's suit for declaratory relief, Westport asserted the defense of late notice by the insured, the unjust enrichment/profit exclusion, and the unreasonableness of the attorneys fees sought. On appeal, Westport argues that the exclusion of breach of contract damages from the definition of covered loss precludes recovery and asserts the defense of the unjust enrichment/profit exclusion.

■ Westport raises the breach of contract issue for the first time on appeal, we will not consider it. An appellate court generally will not consider issues not properly raised before the district court. *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999). Here, Westport proceeded through trial without raising the contractual damage limitation before the district court. It did not assert the breach of contract damage limitation as an affirmative defense; it did not request the district court to make findings on the contractual damage limitation; and it did not raise the issue in post-trial briefing. On appeal, Westport claims it preserved the issue by raising it in opening and closing arguments and in objections to proposed findings of fact. However, a review of the record shows only that Westport's counsel read the entire initial reservation of rights letter it sent to Research during his opening argument-which included many other potential insurance defenses it did not assert at trial. The only mention of the damage limitation in closing argument was a brief reference in rebuttal in the context of the duty to indemnify. Similarly, in its objections to the proposed findings, Westport made a passing reference to the breach of contract limitation in one sentence that referenced other defenses to coverage. Not once during the entire trial, nor in any pleadings to the district court did Westport specifically and distinctly argue that it had no duty to defend the Johnson lawsuit because of the contractual damage limitation. "Generally, in order for an argument to be considered on appeal, the argument must have been raised sufficiently for the trial court to rule on it." *Sparkman v. Comm'r,* 509 F.3d 1149, 1158 (9th Cir.2007) (quoting *A–1 Ambulance Serv., Inc. v. County of Monterey,* 90 F.3d 333, 338 (9th Cir.1996)). Given the record, it is unsurprising, therefore, that the district court did not make any findings pertaining to the breach of contract contention. We decline to consider the argument for the first time on appeal.

■ The second argument Westport advances in arguing it had no duty to defend was the unjust enrichment/profit exclusion. While this exclusion may apply to deny coverage for some counts, it does not apply to the breach of fiduciary duties claim, nor does it apply to the allegation of breach of the implied covenant of good faith and fair dealing. Neither unjust enrichment nor profit is an element of either claim. Be-

cause coverage was potentially afforded for these claims, Westport had a duty to defendant the entire action.

Further, as the district court held, if we were to construe the exclusion as Westport urges we should, it would amount to impermissible illusory coverage. An insurer may not grant coverage with one provision, and then take it away with another. *Ranger Ins. Co. v. Phillips,* 25 Ariz.App. 426, 544 P.2d 250, 256–57 (1976); *see also Phoenix Control Sys. Inc. v. Ins. Co. of North America,* 165 Ariz. 31, 796 P.2d 463, 468 (1990). Under Westport's interpretation of the exclusion, no coverage is afforded under the policy for any economic damages. If this interpretation were correct, the exclusion would eviscerate the policy's essential coverage for all losses to the insured resulting from civil claims due to a wrongful act. The district court correctly concluded that if the exclusion were enforced pursuant to Westport's construction, the exclusion would render the policy impermissibly illusory.

In sum, the district court properly concluded that Westport had a duty to defend the Johnson lawsuit and breached that duty by failing to do so.

## II

The district court did not err in holding that Westport had a duty to indemnify Research and breached that duty. Westport's theory as to indemnity coverage is the same as the theories asserted as to its duty to defend. Because it did not assert the breach of contract damage limitation with sufficient specificity before the district court, we will not consider it for the first time on appeal.

At issue here is the settlement reached by Research. The settlement agreement did not provide an allocation for the amounts among the various asserted claims. Research provided testimony that 90% of the settlement was due to tort claims. Research also produced unrebutted testimony that it did not receive a profit and was not unjustly enriched. Westport did not introduce any testimony showing that Research was unjustly enriched by the transactions, or that it profited from them. Given the state of the record, the district court did not err in determining that the unjust enrichment/profit exclusion did not relieve Westport from its duty to indemnify Research from all losses to the insured resulting from civil claims on account of a wrongful act.

## III

■ The district court erred by sua sponte awarding extra-contractual damages. Certainly, a district court may amend a party's pleadings where the issue not raised in the pleadings is tried by express or implied consent of the parties. Fed.R.Civ.P. 15(b); *Patelco Credit Union v. Sahni,* 262 F.3d 897, 907 (9th Cir.2001). Research did not plead an extra-contractual damage theory. The Supreme Court has recently underscored the importance of notifying defendants of their potential punitive damage liability. *Exxon Shipping Co. v. Baker,* —— U.S. ——, 128 S.Ct. 2605, 2627, 171 L.Ed.2d 570 (2008) (noting that "a penalty should be reasonably predictable in its severity"). Here, the theory of extra-contractual damages was not raised until trial, then inserted by the Court. Under the circumstances, the trial court abused its discretion by sua sponte considering and awarding extra-contractual damages.

## IV

■ The district court erred in awarding pre-tender damages. *C.f., Faust v. The Travelers,* 55 F.3d 471 (9th Cir.1995)

(applying similar California law). Here, Research was served with the Johnson complaint in September 2001, but did not tender the claim to Westport for six months. During that time, substantial fees were incurred. Under the express terms of the policy, Research failed to fulfill its duties precedent to coverage by failing to give immediate notice of the claim and by not obtaining prior written consent before incurring defense costs. Research argues that Westport did not suffer actual prejudice. However, Westport was prejudiced by this breach because it was deprived of its exclusive right to assign counsel, thus potentially avoiding what it now considers to be unreasonable attorneys fees.

V

We affirm all of the holdings of the district court, with the exception of its award of extra-contractual and pre-tender damages. Each party shall bear its own costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART.**