**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0793n.06

**Case No. 08-1695**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Dec 16, 2009**

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| ALLEN J. WALTANEN, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

**BEFORE:  BATCHELDER, Chief Judge; GRIFFIN, Circuit Judge; and TARNOW[*], District Judge.**

**ALICE M. BATCHELDER, Chief Judge.**  Allen Waltanen appeals a post-judgment order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  Because his appeal is moot in part and unripe in part, we dismiss the appeal.

**I.**

On October 7, 2002, the government charged Waltanen with attempted possession of more than five grams of cocaine base, in violation of 21 U.S.C.§§ 846 and 844(a).  Waltanen waived indictment and entered a guilty plea pursuant to a plea agreement.  The district court found his base offense level to be 25 and assigned eight criminal history points, making for a criminal history category of IV.

_____

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

On March 11, 2003, the district court sentenced Waltanen to 84 months in prison — the bottom of the applicable sentencing guidelines range. He did not appeal the sentence.

On February 27, 2008, Waltanen filed a *pro se* motion for sentence modification pursuant to 18 U.S.C. § 3582(c)(2) (providing that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable"). The court received a Sentence Modification Report dated March 12, 2008, that calculated the amended base offense level to be 23 and the new sentencing range to be 70 - 87 months, should the court decide to grant the motion and apply the sentence reduction. The probation officer noted that a reduction to 70 months would normally be recommended, but because this was less than the time Waltanen had already served, a sentence of 78 months would be the standard recommendation. Because of Waltanen's post-sentencing conduct as detailed in the report, however, the probation officer declined to recommend any reduction.

The report noted that Waltanen was involved in two disciplinary incidents while in prison, one, in July 2006, for being in an unauthorized area, and the other, in September 2005, for possessing drugs or drug items. In addition, in March 2008, after having been released early from prison to enter a six month residential drug treatment program, Waltanan failed to answer telephone calls from his probation officer while away from the center on an overnight pass, and was found the next morning still smelling of alcohol. Upon returning to the treatment center, he refused to submit to a breathalyzer test or urine sample, and because of this incident, he was returned to custody.

On May 6, 2008, the district court denied Waltanen's motion for sentence reduction. In its

opinion and order, the court noted that it had reviewed the motion, the Sentence Modification Report, the parties' submissions, and the original criminal file. The court based its denial of the motion solely on Waltanen's post-sentence conduct, specifically, the two disciplinary incidents while he was incarcerated and the incident while he was in residence at the drug treatment center.

On May 19, 2008, Waltanen filed a timely Notice of Appeal from the district court's order denying his motion. He has served his custodial sentence and was released from prison on October 10, 2008, and is currently serving a three-year term of supervised release.

In his appeal brief, Waltanen argues that the district court abused its discretion by failing to consider all of the 18 U.S.C. § 3553(a) factors in arriving at its decision to deny his motion for a reduction in sentence, and by taking into account only his post-conviction misconduct and not his positive conduct.

On October 28, 2008, the government filed a motion to dismiss the appeal, arguing that because Waltanen had been released from prison, the appeal is moot. Waltanen filed his response on November 5, 2008, arguing that while he cannot obtain a sentence reduction, he could seek a reduced term of supervised release from the district court, should we find that it abused its discretion and remand. On January 15, 2009, the motion to dismiss was referred to this panel.

**II.**

The Sentencing Guidelines make it clear that proceedings under 18 U.S.C. § 3582(c) "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3) (2008). The Guidelines also mandate: "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C). Section 1B1.10 explains in the comments section that "[o]nly a term of imprisonment imposed as part of the original

3

sentence is authorized to be reduced . . . This section does not authorize a reduction in the term of imprisonment imposed upon a revocation of supervised release." *Id.* cmt. 4(A). Once a defendant has served his custodial sentence and been released, no meaningful relief can be granted with respect to the custodial portion of the sentence. *See United States v. Lewis,* 166 F. App'x 193, 194 (6th Cir. 2006). Because Waltanen has now served his custodial sentence, and the Guidelines prohibit any reduction in either the custodial sentence already completed or any future imprisonment due to a revocation of supervised release, Waltanen's appeal is moot as to any custodial sentence.

But an appeal is not entirely moot "so long as the appeal 'potentially implicates' the length of the appellant's supervised release term." *United States v. Maken,* 510 F.3d 654, 656 n.3 (6th Cir. 2007) (citations omitted). Waltanen, however, did not move the district court to reconsider his supervised release term. In fact, the only aspect of his sentence that he challenged was the period of incarceration. Indeed, in his sentence modification memorandum, defendant asked the district court to "resentence him to a term of 'credit for time served.'" He did not ask for any reduction to his term of supervised release; rather, he "suggest[ed] that [the district court] consider adding conditions to his supervised release."

We have previously said that "[i]f a prisoner does not challenge the validity of the conviction but rather only challenges his sentence or some aspect of it, the request for relief is moot once the challenged portion of the sentence has expired." *United States v. Goldberg,* 239 F. App'x 993, 994 (6th Cir. 2007) (quoting *United States v. Manogg,* 991 F.2d 797, 1993 WL 88217 at *1 (6th Cir. Mar. 26, 1993)). Based solely on this reasoning, then, the appeal is moot.

**III.**

Waltanen, however, contends that if we were to conclude that the distict court erred in

denying his motion for reduction of sentence and remand this matter to the district court, sentencing relief may be available to him under 18 U.S.C. § 1853. Citing dicta in *United States v. Johnson,* 529 U.S. 53, 60 (2000) ("equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term"), Waltanen argues that his term of supervised release could ultimately be reduced to compensate for any sentence reduction that he cannot now obtain because he has completed his custodial sentence. *Johnson* held that the length of a defendant's supervised release term may not be reduced because a defendant served an excess period of incarceration, and while the Court cited 18 U.S.C. § 3583 when mentioning modification of supervised release as a potential remedy for an individual who has been held in prison beyond the end of his term, *id.,* the Court explicitly noted that under Section 3583,

> the trial court, as it sees fit, may modify an individual's conditions of supervised release. § 3583(e)(2). Furthermore, the court may terminate an individual's supervised release obligations "at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1).

*Id.* Finally, the Sentencing Guidelines state that:

> If the prohibition in subsection (b)(2)(C) relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended guideline range . . . the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. 3583(e)(1). However, the fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range determined under subsection (b)(1) shall not, without more, provide a basis for early termination of supervised release.

U.S.S.G. § 1B1.10, cmt. n4(B).

Waltanen has never asked the district court to modify his term of supervised release under § 1853(e)(2). He has not yet served the required one year of his supervised release that is a

5

prerequisite for his asking the district court to consider early termination of his supervised release under § 1853(e)(1). Even if we could address his claim that the district court erred in denying his motion for reduction of his custodial sentence, any issue relating to early termination is premature and not ripe for our consideration.

**IV.**

For the foregoing reasons, we **dismiss** Waltanen's appeal.