NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0038n.06

No. 08-2010

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Jan 22, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ANTHONY ARTURO BRAVO, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before:  MERRITT, GIBBONS, and ROGERS, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge.  Appellant Anthony Bravo appeals the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Because his appeal is moot, we dismiss the appeal.

I.

On May 4, 2006, Bravo pled guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, five grams or more of cocaine base, and an unspecified quantity of methamphetamine, in violation of 21 U.S.C. § 846.  The offense carried a statutory mandatory minimum of five years and a maximum of 40 years imprisonment.  Bravo was also subject to a minimum four-year term of supervised release under 21 U.S.C. §  841(b)(1)(B)(ii) and (iii).  In the plea agreement, Bravo agreed to cooperate with law enforcement, and the government agreed not to oppose a two-level downward departure for acceptance of responsibility

under U.S.S.G. § 3E1.1(a). The government also moved to reduce the offense level by one if the district court granted the two-level departure and the adjusted offense level was 16 or greater.

The Presentence Report ("PSR") calculated a base offense level of 26, which it reduced by three in accordance with the plea agreement, resulting in a recommended base offense level of 23. Taking into account Bravo's criminal history category of III, the PSR calculated the applicable Guidelines range as 57 to 71 months, adjusted to 60 to 71 months because of the five-year mandatory minimum sentence. The government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) based on Bravo's "substantial assistance," which had led in part to the guilty pleas of two major narcotics suppliers. On August 31, 2006, the district court sentenced Bravo to 57 months imprisonment—the minimum sentence allowed by the applicable Guidelines range and three months below the mandatory minimum sentence—and five years of supervised release.

On February 21, 2008, Bravo filed a motion for modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) because his sentence was based, in part, on crack cocaine.[1] An original Sentence Modification Report recalculated Bravo's sentence but determined that Bravo was ineligible for a sentence reduction pursuant to § 3582(c)(2) because the applicable Guidelines range remained the same. A Revised Sentence Modification Report reduced Bravo's original base offense level by two to 24, resulting in an adjusted base offense level of 21 and an applicable Guidelines

---

[1]Amendment 706 to the Sentencing Guidelines provided for a two-level reduction in the base offense level of crack cocaine offenses. Amendment 715, superseding Amendment 711, modified the manner in which the Sentencing Guidelines calculate the marijuana equivalent of crack cocaine when other drugs are involved in the offense and, therefore, modified the calculation of base offense levels for crack cocaine amounts. Both amendments apply retroactively. *See* U.S.S.G. § 1B1.10(c).

range of 46 to 57 months. The statutory mandatory minimum resulted in a modified Guidelines range of 60 months. Bravo conceded that his amended Guidelines range was 60 months, but argued that capping a reduction of the Guidelines range at the mandatory minimum in light of the government's § 3553(e) motion "destroy[s]" the "equity and the spirit" of both the crack cocaine amendments and Bravo's original plea agreement.

After conducting an evidentiary hearing, the district court denied the motion on August 4, 2008. *United States v. Bravo*, No. 1:05-CR-240, Slip Op. at 1 (W.D. Mich. Aug. 4, 2008). The district court determined that the applicable Guidelines range was 60 months due to the five-year mandatory minimum, and, therefore, because the new Guidelines range was not lower than the original Guidelines range, that Bravo was ineligible for a reduction in sentence pursuant to § 3582(c)(2). *Id.* at 3. The district court further found that the § 3553(e) motion did not affect the reduction permitted under § 3582(c)(2) because: (1) that motion resulted in a non-Guidelines sentence and did not affect the original Guidelines range relevant for § 3582(c)(2) purposes; and (2) the amendments to the Guidelines on which Bravo relied did not waive or change the applicability of the mandatory minimum sentence. *Id.* at 3–4. Bravo timely appealed to this court.

On September 14, 2009, Bravo was released from federal prison, and he is currently serving a five-year term of supervised release.

## II.

This court has held that an appeal of a district court's denial of re-sentencing under § 3582(c)(2) becomes moot upon completion of the appellant's custodial term. *See United States v. Waltanen*, No. 08-1695, 2009 WL 4824874, at *2 (6th Cir. Dec. 16, 2009). The Sentencing

3

Guidelines mandate that resentencing under § 3582(c) "do[es] not constitute a full resentencing," U.S.S.G. § 1B1.10(a)(3), and that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served," U.S.S.G. § 1B1.10(b)(2)(C). Comment 4(A) of U.S.S.G. § 1B1.10 further states that "[t]his section does not authorize a reduction in the term of imprisonment imposed upon a revocation of supervised release." Therefore, as we found in *Waltanen*, "[b]ecause [Bravo] has now served his custodial sentence, and the Guidelines prohibit any reduction in either the custodial sentence already completed or any future imprisonment due to a revocation of supervised release, [Bravo's] appeal is moot as to any custodial sentence." *Waltanen*, 2009 WL 4824874, at *2; *see also United States v. Lewis*, 166 F. App'x 193, 195 (6th Cir. 2006) (holding that no meaningful relief may be granted regarding a custodial sentence once that sentence has been served).

We and other circuits have found that such appeals are not moot if there remains a possibility that the district court could modify any term of supervised release to which the appellant remains subject. *See United States v. May*, 568 F.3d 597, 602 (6th Cir. 2009) (finding a sentencing appeal not to be moot where the district court on remand could reduce the term of supervised release by as much as one year); *United States v. Maken*, 510 F.3d 654, 656 n.3 (6th Cir. 2007) ("Even when an appellant has been released from custody, his case is not moot so long as the appeal 'potentially implicates' the length of the appellant's supervised release term."); *United States v. Blackburn*, 461 F.3d 259, 262 (2d Cir. 2006) (collecting cases and noting that the appeal was moot because the possibility of a reduction of supervised release was "so remote and speculative that any decision on the merits" would not affect the matter in the issue before the court). Bravo's term of supervised

4

release is one year greater than that mandated by statute. *See* 21 U.S.C. § 841(b)(1)(B)(ii) and (iii); *see also* U.S.S.G. § 5D1.2(b) (2006) (providing for a term of supervised release between three and five years). Therefore, Bravo's case is not moot if, pursuant to a favorable ruling by this court, the district court has authority to modify his term of supervised release upon remand.

According to the Sentencing Guidelines, a district court may modify the term of supervised release where it "otherwise would have been appropriate as a result of the amended guideline range determined under [U.S.S.G. § 1B1.10(b)(1)]" only "in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1)." U.S.S.G. § 1B1.10 cmt. 4(B); *see also* 18 U.S.C. § 3583(e)(1) (granting the district court authority to terminate a term of supervised release in certain circumstances). However, the Sentencing Guidelines restrict this authority by providing that "the fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range determined under [§ 1B1.10](b)(1) *shall not*, *without more*, provide a basis for early termination of supervised release." U.S.S.G. § 1B1.10 cmt. 4(B) (emphasis added). Bravo has not filed any motion under § 3583(e)(1) seeking a modification of his term of supervised release and is not eligible to do so until September 14, 2010. *See* § 3583(e)(1) (granting district courts authority to "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . ."). Therefore, even if we were to remand the case to the district court, that court would lack the authority to reduce Bravo's term of supervised release at this time. Resolving the issue before us in this appeal, therefore, could not "potentially implicate[]" Bravo's term of supervised release.

5

Furthermore, we have held that when an appellant fails to challenge either the underlying conviction or the non-custodial elements of the sentence of which he seeks modification under § 3582(c), his appeal is moot once he completes his custodial sentence unless he specifically seeks modification of any term of supervised release. *See Waltanen*, 2009 WL 4824874, at *2 (quoting *United States v. Goldberg*, 239 F. App'x 993, 994 (6th Cir. 2007) ("[I]f a prisoner does not challenge the validity of the conviction but rather only challenges his sentence or some aspect of it, the request for relief is moot once the challenged portion of the sentence has expired." (quoting *United States v. Manogg*, 991 F.2d 797, 1993 WL 88217, at *1 (6th Cir. Mar. 26, 2007))). At no time during his § 3582(c) proceedings before the district court or this court did Bravo challenge his term of supervised release. Bravo's filings in the district court demonstrate that he sought only to modify his term of imprisonment, and he does not seek a reduction in the term of supervised release in his brief before this court. Therefore, we must dismiss Bravo's appeal as moot.

III.

For the foregoing reasons, we dismiss Bravo's appeal.