RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0043p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

SCOTT ANDREW WITZKE,

*Petitioner-Appellant,*

*v.*

No. 15-2437

SHAWN BREWER, Warden,

*Respondent-Appellee.*

Appeal from the United States District Court for
the Eastern District of Michigan at Detroit.
No. 2:15-cv-12429—Denise Page Hood, Chief District Judge.

Argued:  February 2, 2017

Decided and Filed:  February 22, 2017

Before:  GIBBONS, COOK, and KETHLEDGE, Circuit Judges.

---

## COUNSEL

**ARGUED:**  Sam Scaritt-Selman, UNIVERSITY OF MICHIGAN LAW SCHOOL FEDERAL APPELLATE LITIGATION CLINIC, Ann Arbor, Michigan, for Appellant.  Raina I. Korbakis, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee.  **ON BRIEF:**  Sam Scaritt-Selman, Melissa M. Salinas, UNIVERSITY OF MICHIGAN LAW SCHOOL FEDERAL APPELLATE LITIGATION CLINIC, Ann Arbor, Michigan, for Appellant.  Raina I. Korbakis, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee.

———————————

**OPINION**

———————————

COOK, Circuit Judge.   Petitioner Scott Witzke seeks habeas relief under 28 U.S.C. § 2254, asserting that a Michigan order revoking his parole violated his due process rights.   The district court dismissed his petition for failure to exhaust state remedies, and a panel of this court later issued a certificate of appealability on that issue.   After Witzke appealed, however, the Michigan Parole Board released him on parole.   Because there is no longer any remediable injury, we DISMISS the appeal as MOOT.

**I.**

Witzke is currently serving four sentences in the Michigan Department of Corrections (MDOC) for "uttering and publishing," that is, using forged financial instruments.   *See* Mich. Comp. Laws § 750.249.   In May 2013, the Parole Board released Witzke on parole for a 15-month term.   But a year later, authorities arrested him for eight alleged parole violations, including a new criminal conviction for using a fake check at a guitar store.   Following his arrest, Witzke appeared before an MDOC agent, who found probable cause for all eight counts.   Witzke pled guilty to two of them.   At a second hearing in August 2014, another MDOC officer dismissed all remaining counts except the fraudulent check violation.   Finding Witzke guilty of that violation, the officer recommended that the Parole Board revoke Witzke's parole.   In September, the Parole Board adopted the recommendation.

Without seeking relief in Michigan courts, Witzke filed a pro se habeas petition under 28 U.S.C. § 2254 in the Eastern District of Michigan, challenging the September 2014 parole revocation as a violation of his due process rights and requesting a new hearing before the Parole Board.  He claimed entitlement to "relief . . . [due to] the failure of the Michigan Parole Board to provide [him] with an in-person hearing before the decision maker on the question of whether parole should be revoked."   The district court summarily dismissed his petition without prejudice for failure to exhaust state remedies.

Following the district court's decision, Witzke filed a motion for a certificate of appealability in this court. In May 2016, the court granted his motion, concluding that reasonable jurists could disagree on whether Witzke must exhaust state remedies, citing the limited availability of habeas relief in Michigan. *Witzke v. Brewer*, No. 15-2437 (6th Cir. May 10, 2016) (order). Around this time, however, the Parole Board re-released Witzke on parole. He will finish serving his sentence for his underlying criminal conviction in May 2017.

## II.

The State argues that Witzke's re-release on parole deprives this court of jurisdiction over his appeal challenging the 2014 parole revocation. We agree.

Federal courts may review only actual cases or controversies, U.S. Const. art. III, § 2, cl.1, and thus "have no power to adjudicate disputes which are moot," *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc) (quoting *Crane v. Ind. High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992)). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). Accordingly, if a case becomes moot during an appeal, the reviewing court must dismiss it. *Rosales-Garcia v. Holland*, 322 F.3d 386, 394 (6th Cir. 2003) (en banc).

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court addressed mootness in the context of a habeas petition challenging a parole-revocation proceeding. *Id.* at 3. In that case, petitioner Spencer asserted a due process challenge to a Missouri order revoking his parole. *Id.* at 5. But before the district court ruled on the petition, Spencer "was re-released on parole, and, two months after that . . . the term of his imprisonment expired." *Id.* at 6. The Court concluded that these developments mooted his habeas petition. *Id.* at 18. As it explained, "[o]nce the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* at 7 (citing *Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968)). Although a court may presume such collateral consequences when a released petitioner contests his underlying criminal conviction, this presumption does not extend to parole-revocation

challenges.  *Id.* at 12–14.  Accordingly, a petitioner who disputes a parole revocation, but has already completed his term of reincarceration, must demonstrate collateral consequences stemming from the revocation or else face dismissal of his claims.  *Id.* at 14.  Since Spencer failed to make this showing, the Court dismissed his case as moot.  *Id.* at 14–18.

Witzke's habeas petition, like Spencer's, challenges his parole revocation on due process grounds and requests a new hearing before the Parole Board.  But Witzke has already served the period of reincarceration imposed upon the revocation.  This reincarceration "cannot be undone." *Spencer*, 523 U.S. at 8.  And since he contests only his parole revocation (and not his underlying criminal conviction or current parole status), we cannot presume Witzke suffers other collateral consequences from the 2014 Parole Board decision.  *See id.* at 12.  In light of these facts, it appears that no continuing injury remains for this court to redress.

Witzke nevertheless makes two arguments in an attempt to salvage his petition.  Both fail to persuade us.

*First*, Witzke argues that *Spencer*'s collateral-consequences rule does not apply to him. He claims *Spencer* is distinguishable because the petitioner in that case served the entire term of his sentence and was no longer in custody; Witzke, on the other hand, will be a parolee until May 2017.  Witzke reasons that, since parolees are still "in custody" as required to bring a § 2254 petition, *see United States v. Williams*, 15 F.3d 1356, 1359 (6th Cir. 1994), his challenge to the 2014 parole revocation remains a live controversy.

But satisfying § 2254's "in custody" requirement does not necessarily establish a case or controversy when a petitioner seeks habeas relief.  *See Spencer*, 523 U.S. at 7; *Rosales-Garcia*, 322 F.3d at 395 n.6.  For Witzke, all that the "in custody" provision mandates is his incarceration by reason of the parole revocation at the time of filing his petition.  *See Spencer*, 523 U.S. at 7 (citations omitted).  Article III's case or controversy clause demands something more: the continued existence of a remediable injury at *all* stages of review.  *See id.*; *Arizonans*, 520 U.S. at 67.  Here, no one disputes that Witzke satisfies § 2254's "in custody" condition.  The relevant issue, rather, is whether Witzke suffers any harm from the allegedly unconstitutional parole-revocation hearing now that the Parole Board has already re-released him on parole.  Since "[t]he

reincarceration that he incurred *as a result of that [revocation]* is now over," *Spencer*, 523 U.S. at 8 (emphasis added), *Spencer*'s collateral consequences rule still applies, his current custody status notwithstanding, *id.* at 14.

*Second*, Witzke contends that, even if *Spencer* does apply, he can show a collateral consequence to defeat mootness. As he posits, "[i]t is highly probable that the revocation of [his] parole could be used against him in a future parole proceeding."

The Supreme Court, however, rejected a similar argument in *Spencer*. There, the petitioner asserted "that the [challenged] revocation could be used to his detriment in a future parole proceeding," but the Court concluded this harm was too speculative—"a possibility rather than a certainty or even a probability"—to keep his controversy alive. 523 U.S. at 14. Witzke attempts to distinguish *Spencer*, claiming that the potential for his revocation to be used against him in a future parole proceeding is more concrete than it was in *Spencer*. Specifically, he argues that the discretion of the Michigan Parole Board is "more constrained" than that of the Missouri counterpart at issue in that case. He points to guidelines requiring the Michigan Parole Board to take into consideration prior criminal conduct, including parole failures, when deciding whether to release a prisoner. *See* Mich. Admin. Code R. 791.7716(3)(b). He reasons that the Michigan Parole Board's limited discretion makes the potential future harm from his revocation more probable than Spencer's asserted injury-in-fact.

Despite his attempts to distinguish Michigan's and Missouri's parole procedures, Witzke's purported collateral consequence is still too speculative to satisfy Article III's case or controversy requirement. Although Witzke suggests that the Michigan Parole Board's decision-making process is "constrained," the state's parole guidelines direct the Board to evaluate many factors in addition to a past revocation when determining whether to modify a prisoner's status. *See* Mich. Admin. Code R. 791.7716. His 2014 parole revocation would thus constitute "simply one factor, among many" that would be "considered by the [Parole Board] in determining whether there is a substantial risk that [he] will not conform to reasonable conditions of parole." *Spencer*, 523 U.S. at 14 (quoting *Lane v. Williams*, 455 U.S. 624, 632 n.13 (1982)). Moreover, Michigan's guidelines afford the Board discretion to release a prisoner on parole who may not otherwise qualify. *See* Mich. Admin. Code R. 791.7716(5). The conjectural nature of Witzke's

alleged future harm means that "there is nothing for [this court] to remedy." *Spencer*, 523 U.S. at 18.

## III.

We DISMISS this appeal as MOOT.