NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0315n.06

Case No. 22-5450

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 13, 2023
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTONIO DELGADO HERNANDEZ,

    Defendant - Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

OPINION

BEFORE: GIBBONS, READLER, and DAVIS, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Antonio Delgado Hernandez was convicted of seven counts of illegal transportation of aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). The district court sentenced him to 24 months' imprisonment and three years' supervised release. In this appeal, Hernandez challenges one aspect of his sentence, namely the district court's application of a two-level Sentencing Guidelines enhancement for obstruction of justice based on contradictions in his trial testimony. Notably, the enhancement changed the recommended Guidelines imprisonment range from 18–24 months to 24–30 months, but did not affect the Guidelines calculation for Hernandez's term of supervised release.

Hernandez has now completed his term of imprisonment and has been deported from the United States. Accordingly, his appeal is moot. *See United States v. Dyson*, 639 F.3d 230, 234–35 (6th Cir. 2011) ("Because [Defendant] has completely finished his sentence, his claims of error in the calculation of his guidelines range are now moot."); *United States v. Hernandez-Marroquin*, No. 22-3341, 2023 U.S. App. LEXIS 4219, at *1 (6th Cir. Feb. 22, 2023) (order) ("If a [defendant]

does not challenge the validity of the conviction but rather only challenges his sentence or some aspect of it, the request for relief is moot once the challenged portion of the sentence has expired." (alteration in original) (quoting *United States v. Smart*, 406 F. App'x 14, 18 (6th Cir. 2010)). The fact that Hernandez's sentence also includes a three-year term of supervised release does not alter this conclusion because his appeal does not challenge that term of supervised release, which was not affected by the district court's alleged error in calculating the Sentencing Guidelines. Moreover, Hernandez has forfeited any argument that his appeal is not moot by failing to file a reply brief responding to the government's invocation of mootness. *See Taylor v. Pilot Corp.*, 955 F.3d 572, 582 (6th Cir. 2020) (Thapar, J., concurring in part) ("Although parties cannot waive arguments *against* jurisdiction, they are more than free to waive (or forfeit) arguments *for* it." (emphasis in original)). Because Hernandez's appeal is moot, we dismiss for lack of jurisdiction.