NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0286n.06

Case No. 23-5096

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Jun 28, 2024 |
| Plaintiff-Appellee, | ) | KELLY L. STEPHENS, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
|  | ) | THE MIDDLE DISTRICT OF |
| DEVONTAE MARTEZ PARRISH, | ) | TENNESSEE |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) | OPINION |

Before: BOGGS, WHITE, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Devontae Parrish pled guilty to possessing heroin with the intent to distribute it. *See* 21 U.S.C. § 841(a)(1). That plea carried with it a minimum term of three years of supervised release. *See id.* § 841(b)(1)(C). At sentencing, the district court considered two enhancements that would increase Parrish's Guidelines incarceration range. Parrish objected to those enhancements—without mentioning anything about his supervised release—and the government agreed that those enhancements shouldn't apply. Nonetheless, the district court applied them. It then sentenced Parrish to a below-Guidelines sentence of 20 months of imprisonment to accompany the mandatory supervised-release period. Parrish appealed, challenging the district court's application of the enhancements and again omitting any challenge to his supervised release.

While that appeal was pending, Parrish completed his prison term and began his supervised release. The United States moved to dismiss the appeal, claiming that Parrish's release from prison mooted any remaining controversy. Parrish opposed that motion.

Under this court's precedent, Parrish's appeal is moot. When a defendant challenges "a completed custodial portion of his or her sentence," we've explained that "the appeal is not moot so long as the appeal potentially implicates the length of the appellant's supervised release term." *United States v. Solano-Rosales*, 781 F.3d 345, 355 (6th Cir. 2015) (internal quotation marks omitted).[1] It follows that such an appeal *is* moot when the district court has no ability to reduce the term's length. *Cf. Albaadani*, 863 F.3d at 502–03. And district courts may not deviate below a statutory minimum. *See id.*

Parrish's conviction carries a mandatory minimum three years of supervised release. So even if he succeeded in challenging the length of his now-completed prison term, the district court would have no discretion to reduce his supervised-release term. Thus, Parrish's appeal no longer presents a live controversy and is moot.

Parrish argues this appeal isn't moot because the district court would be "free to modify the sentence in other ways." Br. in Opp'n to Gov.'s Mot. to Dismiss 4. Specifically, he cites 18 U.S.C. § 3583(e)(2) for the proposition that, assuming this court reversed, the district court could "modify, reduce, or enlarge *the conditions* of supervised release." He also notes that § 3583(e)(1)

---

[1] As one thoughtful member of this court has put it, the *Solano-Rosales* test for mootness in a case like this is arguably inconsistent with the Supreme Court's opinion in *United States v. Juvenile Male*, 564 U.S. 932 (2011). *See United States v. Albaadani*, 863 F.3d 496, 506–07 (6th Cir. 2017) (Kethledge, J., dissenting). In *Juvenile Male*, the Court held that when a defendant wishes to appeal the expired portion of a sentence, his appeal is moot unless he can identify some "ongoing collateral consequence" traceable to that portion of the sentence and redressable by a favorable decision. 564 U.S. at 936 (cleaned up). Because the parties haven't invoked this inconsistency, we need not resolve it here.

gives the district court authority to terminate even a mandatory supervised release term after only one year.

Parrish's entire argument here is premised on his belief that, on remand, the district court would likely modify the terms of his supervised release. But that forecast is too speculative—"a possibility rather than a certainty or even a probability"—to keep this appeal viable. *Witzke v. Brewer*, 849 F.3d 338, 342 (6th Cir. 2017) (internal quotation marks omitted); *cf. Albaadani*, 863 F.3d at 507 (Kethledge, J., dissenting). That's not enough to save this appeal from mootness.

Moreover, both of Parrish's arguments fail on their own terms. First, Parrish has never challenged the conditions of his supervised release. And when a defendant "challenges only his sentence or some portion of it, his appeal is moot once the challenged portion of the sentence has expired." *Gilbert v. United States*, 64 F.4th 763, 770 (6th Cir. 2023) (quotation omitted). Parrish has only challenged the now-expired custodial portion of his sentence, so his appeal is moot—notwithstanding his argument that the district court could possibly modify the conditions of his supervised release on remand. Second, Parrish can't seek early termination of his supervised release term until he's served at least a year of it. After that one-year period, Parrish can move the district court for early termination of his supervised release. But until then, even if we remanded this case to the district court, that court would have no discretion to terminate Parrish's supervised release at this time. *Cf. United States v. Bravo*, 362 F. App'x 456, 459 (6th Cir. 2010). So that argument fails too.

\* \* \*

Parrish's appeal is moot. We therefore dismiss for lack of jurisdiction.